**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Rose Dragon,

       Plaintiff,

   v.                             Case No. 1:08cv389

Commissioner of Social Security,        Judge Michael R. Barrett

       Defendant.

## <u>ORDER</u>

Before the Court is the June 30, 2009 Magistrate Judge's Report & Recommendation ("R&R") recommending that (1) the ALJ's non-disability finding be found not supported by substantial evidence, and reversed; (2) judgment be entered in favor of Plaintiff awarding benefits; and (3) this case be closed. (Doc. 9)

The parties were given proper notice, pursuant to 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).[1] Defendant filed timely Objections to the R&R (Doc. 10), and Plaintiff filed a Response to those Objections. (Doc. 13)

## I.   <u>BACKGROUND</u>

Plaintiff filed an application for SSI alleging a disability due to speech problems, learning difficulties, and asthma. (Tr. 69- 70, 85). Upon denial of her claims, Plaintiff requested a hearing *de novo* before an ALJ. A hearing was held at which Plaintiff

---

[1]A notice was attached to the Magistrate's Report and Recommendation regarding objections.

appeared with counsel and testified. (Tr. 58-65). Plaintiff's father, Nicholas Dragon, also testified at the hearing. (Tr. 233). The ALJ found Plaintiff was not disabled because she could perform her past work as a dishwasher, both as she performed it and as it was actually performed, and, in the alternative, she could perform a significant number of jobs in the economy. (Tr. 27-34, 207-45). That decision became the final determination upon denial of review by the Appeals Council. (Tr. 4-6).

## II.    MAGISTRATE JUDGE'S REPORT & RECOMMENDATION

In the R&R, the Magistrate Judge found that the ALJ's nondisability finding is not supported by substantial evidence and recommends that the ALJ's decision be reversed and remanded for an award of benefits. Specifically, the Magistrate Judge found that the ALJ erred in placing greater on the opinion of Dr. Pawlarczk, a non-examining physician, than the opinion of Dr. Deardorff, who examined Plaintiff on one occasion. The Magistrate Judge also found that the ALJ erred in rejecting Plaintiff's I.Q. scores as not being valid. Finally, the Magistrate Judge found the ALJ erred in finding the testimony of Plaintiff's father not credible.

## III.    ANALYSIS

### A.    Standard of Review

The Court's review of the Social Security Commissioner's decision is limited to determining whether the findings are supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). The substantial evidence standard presupposes that "there is a zone of choice within which the [Commissioner] may proceed without interference from the court." *Felisky*

*v. Bowen,* 35 F.3d 1027, 1035 (6th Cir. 1994). This "zone of choice" includes resolving conflicts in the evidence and deciding questions of credibility. *Gaffney v. Bowen,* 825 F.2d 98, 100 (6th Cir. 1987). Consequently, this Court should defer heavily to such findings by the Commissioner. *See Barker v. Shalala*, 40 F.3d 789, 795 (6th Cir. 1994). If substantial evidence supports the ALJ's finding of non-disability, that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky,* 35 F.3d at 1035, *citing Mullen v. Bowen,* 800 F.2d 535, 545 (6th Cir. 1986).

### B.    Weighing medical opinions

As the Magistrate Judge noted, unless a treating source's opinion is given controlling weight, more weight is generally given to the opinion of an examining source. 20 CFR § 416.927(d). While the Magistrate Judge faults the ALJ for giving more weight to the opinion of Dr. Pawlarczyk than that of Dr. Deardorff, the Court does not read the ALJ's written decision in such a manner. Instead, the ALJ adopted certain findings of Dr. Pawlarcyzk which were relevant to the ALJ's determination as to whether Plaintiff met Listing 12.05 or 12.06. The Court finds that the ALJ gave proper weight to the opinions in the record as he followed the sequential analysis required for evaluating an alleged mental impairment. Once an ALJ determines that a mental impairment exists, he or she must evaluate the degree of functional loss it causes according to a special procedure. 20 C.F.R. § 416.920a. A standard document, called the Psychiatric Review Technique Form ("PRTF"), must be completed. This form, which corresponds to the Listing of Impairments for mental impairments, lists the signs, symptoms, and other medical findings which establishes the existence of a mental impairment. The ALJ adopted Dr. Pawlarczyk's findings contained in the PRTF. (Tr. 167). It was not that the ALJ rejected Dr. Deardorff's

opinion in favor of Dr. Pawlarczky's opinion, but that Dr. Deardorff did not complete a PRTF. Moreover, the ALJ found that the findings of Dr. Pawlarczyk were supported by Plaintiff's own testimony and the report of Addie Walker, Plaintiff's friend.

The only portion of Dr. Deardorff's report which was rejected by the ALJ was the I.Q. scores reported by Dr. Deardorff. The ALJ found that the scores were not valid based on Dr. Deardorff's own opinion that the scores were "lower than would be expected on the basis of clinical presentation. Emotional and motivational factors may have interfered with performance on this measure as he [sic] appears to be of borderline intelligence." (Tr. 164). While there is an issue as to the validity of the I.Q. scores in the record which will be discussed below, the Court finds that the ALJ properly weighed the opinions of Dr. Pawlarczyk and Dr. Deardorff.

### C.    I.Q. scores

The Magistrate Judge found that the ALJ erred in rejecting the I.Q. scores in the record as being invalid, and that Plaintiff meets Listing 12.05, the listing for mental retardation.

The claimant has the burden at the third step of the 5-step sequential analysis to establish that he or she meets or equals a listed impairment. *Evans v. Secretary*, 820 F.2d 161, 164 (6th Cir. 1987). An impairment satisfies the listing only when it manifests the specific findings described in the medical criteria for that particular impairment. 20 C.F.R. § 416.925(d). Unless all the requirements of the listing are present, the claimant does not satisfy that listing. *Hale v. Secretary*, 816 F.2d 1078, 1083 (6th Cir. 1987).

Plaintiff argues that she satisfies the requirements outlined in 20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.05(C):

Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period: *i.e.*, the evidence demonstrates or supports onset of the impairment before age 22.

The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.

. . .

C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function; . . .

20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.05(C).

The Commissioner is not required to accept a claimant's I.Q. scores and may reject scores that are inconsistent with the record. *Baker v. Commissioner of Social Sec.*, 2001 WL 1299255, *2 (6th Cir. Aug. 10, 2001) (unpublished), *citing Clark v. Apfel*, 141 F.3d 1253, 1255 (8th Cir. 1998). As the Sixth Circuit has explained: "[i]ndeed, the ALJ should examine test results of this sort to assure consistency with daily activities and behavior." *Id.*

The Court finds that there was substantial evidence in the record for the ALJ to reject Plaintiff's I.Q. scores in the record. As the ALJ noted, Dr. Deardorff himself found that the scores were an underestimate of Plaintiff's intellectual functioning. The Court notes that Dr. Deardorff concluded that Plaintiff had "borderline intellectual functioning" and not mental retardation. (Tr. 166). The ALJ also rejected the I.Q .scores in Plaintiff's school records due to the age of the testing, and because of Plaintiff's age at the time of the testing. (Tr. 32). The ALJ also rejected these scores because they were only referenced in the records, and the actual results were not in the file. Finally, the ALJ noted that Plaintiff was able to graduate from high school, is married, and is able to care for her

daughter. (Id.) Moreover, there is no evidence in the record that Plaintiff had "a physical or other mental impairment imposing an additional and significant work-related limitation of function." Based on the foregoing, the Court finds that the ALJ properly rejected the I.Q. scores in the record as being not valid and found that Plaintiff did not meet Listing 12.05(C).

### D.   Credibility determination

It is not for the court to make decisions concerning credibility. *Felisky v. Bowen*, 35 F.3d 1027, 1036 (6th Cir. 1994). Credibility determinations by the ALJ are to be accorded great weight and deference, as the ALJ is in a position to observe the demeanor and credibility of a witness. *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997).

The ALJ found that the testimony of Plaintiff's father was not credible to the extent that it was not consistent with the RFC set forth by the ALJ. (Tr. 32). The Court notes that Mr. Dragon's testimony was largely comprised of responses to leading questions by Plaintiff's attorney. (Tr. 233-35). The Court also notes that Plaintiff reported to Dr. Deardorff that she was raised by foster parents and had little contact with her biological parents. (Tr. 160). Plaintiff also reported that she has does not see her parents often. (Tr. 163). Therefore, the Court finds that Mr. Dragon has little credibility as to Plaintiff's daily activities or her ability to work.

Based on the foregoing, the Court finds that the ALJ's credibility determination is supported by substantial evidence.

## IV.   CONCLUSION

Upon *de novo* review of this matter, pursuant to 28 U.S.C. § 636, the Court

**DECLINES TO ADOPT** the Magistrate Judge's R&R (Doc. 9). The Court **AFFIRMS** the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act. This matter shall be closed and terminated from the Court's docket.

       **IT IS SO ORDERED.**

                                */s/ Michael R. Barrett*
                                Michael R. Barrett, Judge
                                United States District Court