UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROSE DRAGON,
    Plaintiff

vs

COMMISSIONER OF
SOCIAL SECURITY,
    Defendant

Case No. 1:08-cv-389
Barrett, J.
Litkovitz, M.J.

**REPORT AND**
**RECOMMENDATION**

This matter is before the Court on plaintiff's motion for attorney fees and costs under the Equal Access to Justice Act (EAJA) (Doc. 20), the Commissioner's response in opposition (Doc. 22), and plaintiff's reply memorandum. (Doc. 23). For the reasons that follow, the Court recommends that plaintiff's motion be granted.

**I. Substantial Justification**

The EAJA provides for an award of attorney fees to a party who prevails in a civil action against the United States "when the position taken by the Government is not substantially justified and no special circumstances exist warranting a denial of fees." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 445 (6th Cir. 2009) (citing 28 U.S.C. § 2412(d)(1)(A)). The EAJA provides:

> A court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

In this case, plaintiff is the prevailing party. The Sixth Circuit Court of Appeals reversed

the district court's decision affirming the ALJ's non-disability finding and determined plaintiff was entitled to an immediate award of disability benefits. *See Dragon v. Comm'r of Soc. Sec.*, 470 F. App'x 454 (6th Cir. 2012).

In addition, the Commissioner's position during this litigation was not "substantially justified." To be substantially justified, the United States must show that it had a reasonable basis in law and in fact to undertake the challenged action. *Pierce v. Underwood*, 487 U.S. 552 (1988). The "substantial justification" standard under the EAJA is not the same as the "substantial evidence" standard. The government's position "can be justified even though it is not correct . . ., and it can be substantially (*i.e.*, for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Id.* at 566 n.2. The Sixth Circuit has held that even though the government's position was not supported by substantial evidence, that fact "does not foreclose the possibility that the position was substantially justified. Indeed, Congress did not want the 'substantially justified' standard to be read to raise a presumption that the Government position was not substantially justified simply because it lost the case. . . ." *Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004) (internal citations and quotation marks omitted). Rather, under the EAJA, substantial justification means the government's position was "justified in substance or in the main." *Pierce*, 487 U.S. at 565. In other words, the Court must determine whether the government's position was justified in law and in fact to a degree that would satisfy a reasonable person. *Id. See also Perket v. Sec'y of H.H.S.*, 905 F.2d 129, 132 (6th Cir. 1990); *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989). It is the government's burden under the EAJA to prove that its position was substantially justified. *See Scarborough v. Principi,* 541 U.S. 401, 414-15 (2004). The "'position of the United States' means, in addition to the position taken by the United States in the civil action, the

2

action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D).

In the present case, the Court of Appeals' decision reflects that the Commissioner's position was without a reasonable basis in law or fact. The ALJ found that plaintiff did not meet Listing 12.05C for mental retardation and had the RFC for simple, routine work with little interaction with the general public. The Court of Appeals determined that the ALJ's Listing and RFC findings were without substantial support in the record.

Plaintiff's full-scale IQ score of 50 suggested that she functioned in the "moderately retarded" range of intelligence. Yet, the ALJ concluded that plaintiff's IQ scores were invalid because the consultative psychologist noted the IQ scores were lower than he expected. In reversing, the Court of Appeals noted the ALJ "ignored the wealth of evidence in support" of plaintiff's claim; misconstrued plaintiff's childhood IQ scores which were relevant to establishing her deficits in adaptive functioning before age 22 as required by the Listing; and disregarded "significant" evidence of plaintiff's deficits in adaptive functioning, including similarly low IQ scores at age 12, school records that were consistent with the IQ scores, and evidence that plaintiff had been in programs for the developmentally handicapped and for speech impairments for several years. *Id.* at 460-461. While the ALJ also reasoned that plaintiff's IQ scores were invalid because she was a high school graduate and able to adequately care for her six year old daughter, the Court of Appeals determined that the ALJ ignored evidence that plaintiff graduated from high school only with the assistance of an individualized education plan; she never passed her ninth grade proficiency tests; and she cared for her daughter with the assistance of another parent in the household throughout the relevant time period. *Id.* at 463. The Court of Appeals further determined that the ALJ violated Sixth Circuit law and Social

3

Security regulations for weighing medical opinions by giving more weight to the perfunctory opinion of the non-examining state agency doctor, who merely regurgitated "some" of the consulting psychologist's findings and gave little support for his conclusions, over the more complete and substantive evaluation of the examining psychologist. *Id.* at 463-64. Finally, the Court of Appeals found that the ALJ's RFC determination was incomplete and ignored the examining psychologist's findings indicating plaintiff's functional limitations from a mental standpoint were disabling. *Id.* at 465. As a result, the vocational expert's testimony based on the incomplete RFC was insufficient to carry the Commissioner's burden of proof at Step Five of the sequential evaluation process. *Id.* at 466. The Sixth Circuit concluded that the ALJ's decision "lacked a foundation in substantial evidence" and "the evidence of [plaintiff's] disability is so substantial that she is entitled to an immediate award of benefits." 470 F. App'x at 467.

In arguing that his position was substantially justified for purposes of plaintiff's EAJA fee application, the Commissioner contends that the government's position was sufficiently reasonable to convince the district judge in this matter that substantial evidence supported the ALJ's finding, suggesting that the Commissioner had a rational basis for his position. However, "[w]hile a string of losses or successes may be indicative of whether a position is substantially justified, 'the fact that one other court agreed or disagreed with the Government does not establish whether its position was substantially justified.'" *Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004) (quoting *Pierce*, 487 U.S. at 569).

The Commissioner also argues that the ALJ's Listing decision was not unreasonable, citing evidence suggesting plaintiff's adaptive functioning improved with time and the reports of the two state agency non-examining psychologists. In addition, the Commissioner cites several examples to show the ALJ was justified in not crediting many of the consulting psychologist's

findings because "they appeared inconsistent with other record evidence." (Doc. 22 at 6-7).

The arguments now advanced by the Commissioner have already been considered and rejected by the Court of Appeals. In addition, with respect to the portions of the consulting psychologist's report which appear to support the ALJ's conclusions, the Court of Appeals determined that it was not reasonable for the ALJ to pick and choose from the consulting psychologist's report those findings which showed plaintiff functioned in a more positive light to the exclusion of the "full evaluation" which supported plaintiff's claim for disability. Where, as here, the ALJ was "found to have selectively considered the evidence in denying benefits, . . . the Commissioner's decision to defend the administrative law judge's denial of benefits is without substantial justification." *Howard,* 376 F.3d at 554. Accordingly, the Commissioner has not met his burden of proving substantial justification for his position in this case.

No evidence in the record suggests that special circumstances bar a fee award here, and the Court, after carefully reviewing the record, finds none. *See* 28 U.S.C. § 2412(d)(1)(A). Accordingly, the Court turns to an analysis of the amount of fees to which plaintiff's counsel is entitled.

## II. Amount of Fee Award

The EAJA authorizes an award of reasonable fees as follows:

> The amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).

Plaintiff requests an award of fees and costs in the amount of $6,882.50 for work done in the district court and Court of Appeals. The costs of $805.00 sought by plaintiff include the

5

$350.00 district court filing fee and the $455.00 Court of Appeals filing fee. Plaintiff's request for fees is based on an hourly rate of $170.00, which represents the $125.00 hourly rate set by the EAJA statute adjusted for inflation based on cost of living increases since enactment of the EAJA. (Doc. 20 at 5). Plaintiff argues that the requested $170.00 hourly rate is not excessive and is in keeping with the hourly rate paid to attorneys in the Cincinnati area. In support of her request, plaintiff has submitted evidence which includes counsel's affidavit, the affidavits of other local Social Security attorneys, and information on hourly billing rates published by the Ohio State Bar Association. (Doc. 20, attachments). The Commissioner does not challenge either the number of hours included in the fee request or an increase in the EAJA statutory rate to $170.00 per hour. The Court finds that the hourly rate of $170.00, adjusted for cost-of-living increases since enactment of the EAJA, and the hours that are claimed by counsel are reasonable. *See* 28 U.S.C. § 2412(d)(2)(A).

In light of the above findings, the Court finds that plaintiff is entitled to attorney's fees for 35.75 hours of work at an hourly rate of $170.00, yielding a fee award of $6,077.50. The award is payable to plaintiff rather than plaintiff's counsel. *See Astrue v. Ratliff*, __ U.S. __, 130 S.Ct. 2521, 2529 (2010). *See also Renneker v. Astrue*, No. 1:10-cv-386, 2012 WL 12696, at *2 (S.D. Ohio Jan. 4, 2012) (Beckwith, J.) (noting that "assignment of an EAJA award executed in advance of any actual award, violates the Anti-Assignment Act, 31 U.S.C. § 3272" and that to make an award directly to the attorney before the Commissioner determines whether the plaintiff owes a pre-existing debt to the United States against which the EAJA fee award could be offset "would jeopardize the ability of the United States to collect such debts, if any exist"). As the award of EAJA fees may be offset against any pre-existing debt plaintiff may owe to the United States, the fee must be made to plaintiff and not to plaintiff's attorney.

The Court therefore **RECOMMENDS** that the EAJA fee petition be **GRANTED** and that plaintiff be **AWARDED** $6,077.50 in attorney fees and $805.00 in costs.[1]

Date: 12/4/12

                                                                          Karen L. Litkovitz
                                                                          United States Magistrate Judge

---

[1] The Court declines plaintiff's request to order the Social Security Administration to mail any award of EAJA fees to Counsel's office. This is an administrative matter that should be handled by the Social Security Administration.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROSE DRAGON,
    Plaintiff

vs

COMMISSIONER OF
SOCIAL SECURITY,
    Defendant

Case No. 1:08-cv-389
Barrett, J.
Litkovitz, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).